UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LESLIE MCGINNIS,

        Plaintiff,                      Case No. 16-cv-13461

v.                                            Honorable Thomas L. Ludington

HUQ, et al,

        Defendants.
_____/

## ORDER OVERRULING OBJECTIONS AND GRANTING LEAVE FOR DEFENDANTS TO DEPOSE PLAINTIFF

On September 23, 2016, Plaintiff Leslie McGinnis filed a complaint asserting deliberate indifference and excessive force claims against Defendants, staff members at the Wayne County Jail. ECF No. 1. McGinnis is currently incarcerated and is proceeding pro se. On January 3, 2017, this case was referred to Magistrate Judge David R. Grand. ECF No. 9. On February 15, 2017, the Defendants filed a motion for leave to depose McGinnis. ECF No. 18. Two days later, Judge Grand granted that request, relying upon Federal Rules of Civil Procedure 30(a)(2)(B) and 26(b). ECF No. 19. Now, McGinnis has filed an objection to Judge Grand's order. ECF No. 21.

### I.

Federal Rule of Civil Procedure 70(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

*Id.*

**II.**

McGinnis alleges that he was forced to bring this suit after the Wayne County Sheriff's Office and Prosecutor's Office refused to bring charges against the Defendants. Objs. at 3, ECF No. 21. He objects that "[a]s Plaintiff is a layman he will be unaware of whether or not he should answer the deposition questions, or object to them, as he has no counsel to represent him, and it would also be prejudicial to allow Defendant's counsel depose Plaintiff without his having counsel of his own present to protect his rights as well." *Id.* Concurrently with his objection to Judge Grand's order, McGinnis has filed a motion for appointment of counsel, or alternatively to stay the proceedings until the completion of his criminal appeal process. ECF No. 20.

Federal Rule of Civil Procedure 30(a) governs when a deposition may be taken. Rule 30(a)(2) states that if the deponent is in prison, the party seeking the deposition "must obtain leave of the court, and the court *must* grant leave to the extent consistent with Rule 26(b)(1) and (2)." (emphasis added). Rule 26(b) explains that the scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The rule further directs the court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* at (b)(1). The language of Rule 30(a)(2) *requires* the Court to authorize a deposition unless the deponent is seeking privileged, irrelevant, or unnecessarily costly information. McGinnis filed this lawsuit and is alleging that he was personally mistreated in the Wayne County Jail. Defendants cannot defend against his allegations unless they knew what they are being accused of. Defendants are entitled to depose McGinnis.

- 3 -

McGinnis's assertion that he will be prejudiced by the deposition if it is conducted without an attorney present is not persuasive. Pro se plaintiffs do not have a constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Rather, appointment of counsel in civil cases is a privilege "that is justified only by exceptional circumstances." *Id.* at 606. McGinnis has not demonstrated via his objections that any aspect of the deposition will be so exceptional as to require the presence of publicly -funded counsel.[1] McGinnis's motion for appointment of counsel is currently pending before Judge Grand. The Court offers no opinion on whether or not that motion should be granted. However, there can be no doubt that Defendants are entitled to depose McGinnis pursuant to Rule 30(a) regardless of whether that motion is granted.

### III.

Accordingly, it is **ORDERED** that Plaintiff McGinnis's Objection, ECF No. 21, is **OVERRULED.**

It is further **ORDERED** that Defendants' Motion for Leave to Depose Plaintiff, ECF No. 18, is **GRANTED** consistent with the guidelines laid out in Judge Grand's Order, ECF No. 19.

Dated: March 20, 2017            s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge

---

[1] The Court directs McGinnis's attention to Federal Rule of Civil Procedure 30(c)(2), which governs objections during depositions:

> An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

*Id.*

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 20, 2017.

                                      s/Kelly Winslow for
                                      MICHAEL A. SIAN, Case Manager