UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LESLIE MCGINNIS,

               Plaintiff,               Case No. 16-cv-13461

v.                                               Honorable Thomas L. Ludington

HUQ, et al,

               Defendants.

_____/

## ORDER OVERRULING OBJECTION TO ORDER DENYING MOTION TO APPOINT COUNSEL

On September 23, 2016, Plaintiff Leslie McGinnis filed a complaint asserting deliberate indifference and excessive force claims against Defendants, staff members at the Wayne County Jail. ECF No. 1. McGinnis is currently incarcerated and is proceeding pro se. On January 3, 2017, this case was referred to Magistrate Judge David R. Grand. ECF No. 9. On March 14, 2017, McGinnis filed a motion for appointment of counsel. ECF No. 20. Judge Grand denied that motion, ECF No. 26, and McGinnis timely objected, ECF No. 28. For the reasons stated below, the objection will be overruled.

### I.

Federal Rule of Civil Procedure 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

*Id.*

**II.**

In his objection, McGinnis exhaustively details the factual allegations in his complaint. The gravamen of his claim is that he was assaulted by several sheriff deputies at the Wayne County Jail. McGinnis contends that the assault came after he informed the deputies that, because of back pain, he would be unable to walk back to his cell.

Judge Grand denied McGinnis's motion for the appointment of counsel, reasoning as follows:

> Having reviewed McGinnis' complaint and other filings, and considering the relevant factors, the Court finds that he has not shown exceptional circumstances meriting the appointment of counsel. McGinnis has adequately articulated the basis of his action and appears capable of understanding the issues and advocating for himself. Specifically, in his complaint, McGinnis alleges that the defendants violated his rights under the Eighth and/or Fourteenth Amendments when they failed to place him in the medical ward at the Wayne County Jail and subsequently used excessive force against him, resulting in "significant injury."
>
> McGinnis Asserts [sic] that he needs an attorney to represent him because "there are underlying issues that are so complex"; he is incarcerated and has "extremely limited legal education"; and he is a "federally certified 66 year old, 100% disabled Vietnam Era Veteran, with severe back and leg injuries, and more and more memory loss as the years pass …." These conclusory assertions do not satisfy the "exceptional circumstances" requirement to merit the appointment of counsel, however. Again, McGinnis appears to understand and be able to articulate the nature and legal and factual bases of his claims. Thus, McGinnis' motion for appointment of counsel will be denied.
>
> Should McGinnis' case survive dispositive motion practice and proceed to trial, he
> may file a renewed motion for the appointment of counsel at that time. And, even if such a renewed motion is denied, arrangements would be made for McGinnis to represent himself at trial.

Order Deny. Mot. App. at 2, ECF No. 26 (internal citations omitted).

As Judge Grand explained, pro se plaintiffs do not have a constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Rather, appointment of counsel in civil cases is a privilege "that is justified only by exceptional circumstances." *Id.* at 606. The

factual allegations McGinnis has identified in his objection are not so complex as to constitute "exceptional circumstances." McGinnis argues that his claims are meritorious and cites cases for the proposition that a pro se plaintiff is ill-suited to conduct a jury trial. As Judge Grand stated, if McGinnis's claims advance past summary judgment, he could file a renewed motion for appointment of counsel. At that time, his argument that his incarceration substantially interferes with his ability to litigate his claims would carry force. At the present stage, however, McGinnis is fully capable of representing himself. Because there are no "exceptional circumstances" which would justify appointment of counsel at this stage in the proceeding, Judge Grand's denial of McGinnis's motion for appointment of counsel was not clearly erroneous. McGinnis's objection will be overruled.

**III.**

Accordingly, it is **ORDERED** that Plaintiff McGinnis's objection, ECF No. 28, to Judge Grand's order denying his motion for appointment of counsel, ECF No. 26, is **OVERRULED.**

Dated: May 3, 2017

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 3, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager